## DELA FUNKHAUSER v. EUGENE M. COLLOTY, PROSECUTOR.

Submitted July 2, 1901—Decided November 11, 1901.

1. In an action of forcible entry and detainer under the District Court act, it is the duty of the clerk to record tne verdict and of the court to give judgment thereon, and this judgment must be a judgment of restitution, and the record failing to show such judgment, there is nothing to sustain the writ of restitution.

2. A writ of restitution issued on the sixth day after a verdict rendered will be set aside for the reason that the act specially provides that no writ of restitution shall issue, until eight entire days have elapsed, exclusive of Sundays, after the rendition of the judgment.

3. A married woman cannot maintain an action for forcible entry and detainer when it appears that at the time of the acts complained of her husband was in actual posses ..on of the premises in question.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *George A. Bourgeois.*

For the respondent, *Thompson & Cole.*

The opinion of the court was delivered by

GARRETSON, J. This *certiorari* removes a writ of restitution, judgment, order and proceedings in an action for forcible entry and detainer brought by Dela Funkhauser against Eugene M. Colloty and Maria Colloty, his wife, in the District Court of Atlantic City.

The return does not show any judgment. After a note of the retiring of the jury is the entry: "After due deliberation the jury returned and rendered a verdict of not guilty as to Maria Colloty and guilty as charged in the complaint against Eugene M. Colloty. The jury then discharged." After that is an entry of filing a notice asking for a new trial; that the motion was not pressed, a bill of costs and the amount trebled and "3–20–1901 writ of restitution issued."

The District Court act provides (*Pamph. L.* 1898, *p.* 596, § 103) : "If the jury find the party against whom such complaint is exhibited guilty, or find against his plea of possession, it shall be the duty of the clerk of the said court to record the said verdict and the court to give judgment thereon, with trebled costs." The language used in the "Act concerning forcible entry and detainer" (*Gen. Stat., p.* 1598, § 13) is: "It shall be the duty of the said justice to record the said verdict and give judgment thereon, with trebled costs."

This language was considered in the case of *Kerr* v. *Phillips,* 2 *South.* 818. In that case the justice entered judgment in these words: "Whereupon I give judgment for the plaintiff for the said unlawful detainer, with costs of suit being trebled, amounting to $80.16;" and in reversing that judgment the court held: "If the plaintiff prevails in this trial the whole object of the law is that he shall have restitution of his land, and for this the judgment must be rendered. If the jury find the defendant guilty, the act says the justice shall record their verdict and give judgment thereon. The judgment must be that the plaintiff be restored to the possession of his land thus unlawfully detained from him. The mere verdict of a jury and the receiving and recording of it by the court do not warrant the issuing of an execution; the court must first pass upon it and pronounce the judgment of the law upon it."

In *Weller* v. *Park, Pen.* 661, the entry in the docket of the justice was: "Whereupon I recorded the verdict of the jury and gave judgment that P. W., the defendant, is guilty of forcible entry and detainer in the possession of the premises contained and described in the complaint of the plaintiff, and that the plaintiff recover of P. W., the defendant, the sum of $14.24 of costs, and that the same be trebled at $42.72." And the court held: "The judgment that the justice is to render is not that the defendant is guilty. This is found by the jury; but he is to render judgment that the plaintiff be restored to the land which the defendant is found guilty of forcibly entering and detaining from him. There is no judgment of restitution; this is therefore error."

In *Cowman* v. *Barber, Pen.* 688, the judgment rendered by the justice was a judgment of guilty, instead of a judgment of restitution, and was therefore reversed.

In this case there is no judgment whatever.

It further appears from the entry in the docket of the court that the jury rendered a verdict of guilty against one of the defendants, Eugene M. Colloty, March 14th, 1901, and the writ of restitution is tested March 20th, 1901, the sixth day after the verdict was rendered. The act provides as follows (*Pamph. L.* 1898, *p.* 597, § 104): "No writ of restitution shall be issued by any District Court upon any judgment rendered therein in pursuance of the provisions of the preceding section of this act until eight entire days, exclusive of Sundays, shall have elapsed after rendition of such judgment."

The evidence in this case shows that the premises in question were leased to the husband of the plaintiff below by a lease expiring February 6th, 1901; that these premises were occupied by the plaintiff below, her husband and child all living there together, and that during the time that the defendants below were removing the furniture from the house and doing the other acts which it is claimed constituted the forcible entry and detainer alleged in the complaint, the husband of the plaintiff was actually present in the house with his wife and child. He was as much in possession as his wife, and

more so, because he was the lessee in the lease, of which the term had expired, and was holding over, and the acts complained of were as much acts as against his possession as they were against the possession of his wife. He might have consented to the doing of these acts, and in that case the defendants would have been excused—no one's possession would have been violated. He brings no action against the defendants, and was not a witness in the present action. The evidence establishes clearly that the possession of the premises in question at the time of the acts complained of was in Milton Funkhauser, the husband of the plaintiff, and in him alone. There could be no possession, under the circumstances testified, in the plaintiff adverse to, or separate from, the possession of the husband, and no action would lie by any other than he. This view is not in conflict with the cases holding that a married woman may so hold lands by her husband's consent that the violation of her possession may entitle her to this action (13 *Am. & Eng. Encycl. L.* 753) ; nor in conflict with the statute of 1898 (*Pamph. L., p.* 597, § 105); that "the estate or merits of the title shall in nowise be inquired into in any complaint which shall be exhibited by virtue of this act."

The action for forcible entry and detainer is directed against a violation of possession, and necessarily the plaintiff must establish his possession. In the present case the plaintiff has failed to establish this possession, but her husband's possession has been clearly proved.

The proceedings removed should be set aside.